**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
U.S. GAS & ELECTRIC, INC.,

                              Plaintiff,

           -against-

BIG APPLE ENERGY, LLC, and VICTOR
FERREIRA,

                            Defendants.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
09-CV-1961 (ADS)(ARL)

**APPEARANCES:**

**Wildman, Harrold, Allen & Dixon LLP**
Attorneys for the Plaintiff
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
    By: David J. Fischer, Esq.
       Jennifer Douglass, Esq.
       William Allen Woolley, Esq., Of Counsel

**Akerman Senterfitt LLP**
Attorneys for the Plaintiff
335 Madison Avenue, 26th Floor
New York, NY 10017
    By: Martin Domb, Esq., Of Counsel

**Wolff & Samson**
Attorneys for the Defendants
One Boland Drive
West Orange, NJ 07052
    By: Lori E. Grifa, Esq.
       Daniel D. Barnes, Esq., Of Counsel

**SPATT, District Judge**.

On May 8, 2009, U.S. Gas & Electric, Inc. ("USGE") filed this lawsuit against Big Apple Energy, LLC ("BAE"), and BAE's principal, Victor Ferreira ("Ferreira") (collectively "the Defendants"), alleging, among other wide-ranging causes of action, that the Defendants breached fiduciary duties owed to USGE. On June 12, 2009, the Defendants filed an answer asserting five counterclaims. In particular, Ferreira's fifth counterclaim ("Counterclaim Five") asserts that, because he is a former member of the USGE board of directors, USGE is required to indemnify him for attorneys' fees and costs associated with this litigation under Delaware General Corporation Law § 145, Del. Code Ann. tit. 8, § 145 ("Section 145"), and applicable USGE corporate by-laws.

Presently before the Court is USGE's Fed. R. Civ. P. 12(b)(6) motion to dismiss Counterclaim Five. For the reasons that follow, USGE's motion is granted.

## I. BACKGROUND

USGE is a Delaware energy company that provides natural gas to commercial and residential consumers. BAE is an energy marketing firm that is incorporated in Nevada and has its principal place of business in New York. Ferreira is the principal of BAE and was a member of the USGE board of directors from September 2004 until July of 2007.

On February 25, 2003, USGE and BAE entered into a Natural Gas Sales Agreement ("Sales Agreement"), whereby BAE agreed to act as USGE's agent in

purchasing and delivering natural gas.  USGE agreed to pay BAE a fixed rate per decatherm to procure natural gas from third-party suppliers and deliver it to USGE customers.  A decatherm is a commercial unit of heat that is often used in wholesale natural gas transactions.

Essentially, the complaint alleges that, during the course of the parties' relationship, the Defendants breached various agreements, engaged in tortious conduct, and violated fiduciary duties owed to USGE.  As this motion turns solely on the nature and substance of USGE's fiduciary duty claim against Ferreira, the Court will confine its discussion to the allegations comprising that cause of action.

According to the complaint:

BAE failed to deliver the required quantities of natural gas to various USGE customers, causing USGE to incur substantial costs.

On behalf of USGE, BAE regulated the amount of gas injected into and withdrawn from various natural gas networks.  The operators of these networks charge substantial penalties for injecting or withdrawing more than the permitted volumes of gas.  USGE alleges that on many occasions in 2007 and 2008, BAE either injected or withdrew too much gas from various networks, causing USGE to incur substantial penalties.

BAE concealed the location at which it purchased natural gas, charging USGE the cost of procuring natural gas at locations with higher prices when BAE had actually purchased the gas at lower-priced locations.

BAE sold unused natural gas procured for USGE to third parties, concealing these transactions from USGE.

BAE purchased less expensive natural gas on its own behalf and sold the gas to third-parties while purchasing higher-priced natural gas on behalf of USGE.

USGE representatives inquired with Ferreira about the prospect of employing hedging strategies to guard USGE against the volatile price of natural gas. Ferreira allegedly represented to USGE that natural gas providers rarely employ hedging strategies and that, in any event, hedging would not benefit USGE. USGE has since discovered that natural gas providers routinely use hedging strategies and that the company could have minimized losses due to price fluctuations if it had done so.

Under an amendment to the Sales Agreement signed in December of 2007, USGE is entitled to 51% of the net income earned by BAE since October 1, 2007. In order to avoid paying USGE, BAE underreported its net income.

USGE alleges that, as its agent in procuring and delivering natural gas, BAE had certain fiduciary duties that it breached by virtue of the foregoing conduct. USGE further alleges that Ferreira directed or authorized the conduct complained of, and in doing so, breached fiduciary duties he owed to USGE. In Counterclaim Five, Ferreira contends that, as a former USGE director, because the complaint alleges a breach of his fiduciary duties, Section 145 and USGE corporate by-laws require the company to indemnify him for the costs of defending this action.

## II. DISCUSSION

**A. Legal Standard - Fed. R. Civ. P. 12(b)(6)**

Under the now well-established Twombly standard, a cause of action should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles.

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

"The standard on a motion to dismiss also applies to a motion to dismiss a counterclaim pursuant to Rule 12(b)(6)." Aspex Eyewear, Inc. v. Clariti Eyewear, Inc., 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008).

**B. The Plaintiff's Motion to Dismiss Counterclaim Five**

Ferreira argues that the fiduciary duties he is alleged to have violated arise from his former position as a USGE director and that therefore Section 145 and USGE corporate by-laws require USGE to indemnify him for the attorneys' fees and costs required to defend this action. USGE counters that the company is not liable for

Ferreira's attorneys' fees and costs under Section 145 or company by-laws, because the conduct underlying the fiduciary duty claim was not undertaken by Ferreira in his capacity as a USGE director.

"Section 145(a) and (b) of the Delaware General Corporation Law gives corporations the power to indemnify their current and former corporate officials from expenses incurred in legal proceedings "*by reason of the fact* that the person is or was a director, officer, employee or agent of the corporation." Homestore, Inc. v. Tafeen, 888 A.2d 204, 211 (Del. 2005) (quoting Del. Code Ann. tit. 8, § 145(a) and (b)) (emphasis added). The purpose of these indemnification provisions is to permit "corporate officials to defend themselves in legal proceedings 'secure in the knowledge that, if vindicated, the corporation will bear the expense of litigation.'" Id. (quoting VonFeldt v. Stifel Fin. Corp., 714 A.2d 79, 84 (Del. 1998)). In this regard, Section 145 increases the likelihood that corporate officers will resist strike suits and "encourages corporate service by assuring individuals that the risks incurred by them as a result of their efforts on behalf of the corporation will be met, not through their personal financial resources, but by the corporation." Perconti v. Thornton Oil Corp., No. 18630-NC, 2002 WL 982419, at *2 (Del. Ch. May 3, 2002).

The Delaware Supreme Court has observed that a defendant is sued "by reason of the fact" that he was a corporate official "if there is a nexus or causal connection between any of the underlying proceedings . . . and one's official capacity . . ."

6

Tafeen, 888 A.2d at 215. "This connection is established if the corporate powers were used or necessary for the commission of the alleged misconduct." Bernstein v. TractManager, Inc., 953 A.2d 1003, 1011 (Del. Ch. 2007) (citing Brown v. LiveOps, Inc., 903 A.2d 324, 329 (Del. Ch. 2006), and Perconti, 2002 WL 982419, at *6). The critical question for the Court, then, is whether Ferreira used "entrusted corporate power," to commit the alleged misconduct. Weaver v. ZeniMax Media, Inc., No. 20439-NC., 2004 WL 243163, at *3 (Del. Ch. Jan. 30, 2004).

Here, there is no allegation in the complaint or in Counterclaim Five that Ferreira used his authority or corporate power as a USGE director to effectuate the alleged misconduct on the part of BAE. To the contrary, the complaint clearly states that Ferreira directed or authorized the alleged misconduct in his capacity as the principal of BAE. Nevertheless, Ferreira wonders what fiduciary duties he may have owed to USGE—independent of his role as a director—that could possibly serve as the basis for USGE's claim. The Court need not delve too far into the underlying merits of USGE's fiduciary duty claim in order to answer this question. It suffices to note that New York courts have recognized that fiduciary duties may arise in the circumstances alleged in the complaint, even in the absence of a formal fiduciary relationship.

In AHA Sales, Inc. v. Creative Bath Products, Inc., 58 A.D.3d 6, 867 N.Y.S.2d 169 (2d Dep't 2008), the Appellate Division, Second Department observed that "[a]

7

fiduciary relationship 'whether formal or informal, 'is one founded upon trust or confidence reposed by one person in the integrity and fidelity of another," and "'might be found to exist, in appropriate circumstances, between close friends . . . or even where confidence is based upon prior business dealings.'" AHA Sales, Inc, 58 A.D.3d at 21 (quoting Apple Records v. Capitol Records, 137 A.D.2d 50, 57, 529 N.Y.S.2d 279 (1st Dep't 1988), and Penato v. George, 52 A.D.2d 939, 942, 383 N.Y.S.2d 900 (2d Dep't 1976)).  The Second Department has clarified that although "a conventional business relationship, without more, is insufficient to create a fiduciary relationship," a fiduciary relationship can be established where there is a "'showing of special circumstances that could have transformed the parties' business relationship to a fiduciary one . . . such as control by one party of the other for the good of the other.'" Id. (quoting L. Magarian & Co. v. Timberland Co., 245 A.D.2d 69, 70, 665 N.Y.S.2d 413 (1st Dep't 1997)).

  Here, USGE has alleged that Ferreira was a trusted advisor that the company relied upon for guidance; not because he was at one point a director, but because of his longstanding business relationship with USGE.  This close relationship between USGE and Ferreira could give rise to fiduciary duties on the part of Ferreira, independent of any duties he owed to USGE as a director.  Accordingly, the Court finds that Ferreira is not entitled to indemnification under Section 145 because

USGE's fiduciary duty claim was not asserted against Ferreira "by reason of the fact" that he was a USGE director.

Ferreira's reliance on USGE's corporate by-laws as a basis for indemnification is equally unavailing. USGE's current by-laws, in effect since 2006, do not contain an indemnification provision for its corporate officers or directors. An earlier version of the USGE by-laws in effect during Ferreira's tenure as a director did provide for indemnification "to the fullest extent permitted by General Corporation Law of Delaware." However, even assuming that Ferreira may rely on this earlier incarnation of the USGE by-laws, as the Court has already explained, his claim for indemnification is not viable under Delaware law. Accordingly, Ferreira's counterclaim for indemnification under Section 145 and USGE corporate by-laws is dismissed.

### III. CONCLUSION

USGE's Fed. R. Civ. P. 12(b)(6) motion to dismiss Counterclaim Five is **GRANTED**.

**SO ORDERED.**

Dated: Central Islip, New York
November 2, 2009

                                                                                             */s/ Arthur D. Spatt*
                                                                                               ARTHUR D. SPATT
                                                                      United States District Judge