**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
U.S. GAS & ELECTRIC, INC.,

                              Plaintiff,

             -against-

BIG APPLE ENERGY, LLC, and VICTOR
FERREIRA,

                             Defendants.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
09-CV-1961 (ADS)(ARL)

**APPEARANCES:**

**Wildman, Harrold, Allen & Dixon LLP**
Attorneys for the Plaintiff
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
      By: David J. Fischer, Esq.
         Jennifer Douglass, Esq.
         William Allen Woolley, Esq., Of Counsel

**Akerman Senterfitt LLP**
Attorneys for the Plaintiff
335 Madison Avenue, 26th Floor
New York, NY 10017
      By: Martin Domb, Esq., Of Counsel

**Wolff & Samson**
Attorneys for the Defendants
One Boland Drive
West Orange, NJ 07052
      By: Lori E. Grifa, Esq.
         Daniel D. Barnes, Esq., Of Counsel

**SPATT, District Judge**.

U.S. Gas & Electric, Inc. ("USGE") is an energy company that provides natural gas to residential and commercial customers. In 2003, USGE entered into an agreement with Big Apple Energy LLC ("BAE"), whereby BAE agreed to act as USGE's agent in purchasing and delivering natural gas. BAE's principal, Victor Ferreira, was a longtime adviser to USGE and served as a member of its board of directors from September of 2004 to July of 2007.

On May 8, 2009, USGE filed this lawsuit against BAE and Ferreira ("the Defendants") alleging, among other wide-ranging causes of action, that BAE and Ferreira breached fiduciary duties they owed to USGE. On June 12, 2009, the Defendants filed an answer asserting five counterclaims. In particular, Ferreira's fifth counterclaim ("Count Five") asserted that, as a former member of the USGE board of directors, USGE was required to indemnify him for attorneys' fees and costs associated with this litigation under Delaware General Corporation Law § 145, Del. Code Ann. tit. 8, § 145 ("Section 145"), and applicable USGE corporate by-laws.

In an order dated November 2, 2009, the Court granted USGE's motion to dismiss Count Five, finding that Ferreira was not entitled to indemnification under either Section 145 or USGE corporate by-laws. See U.S. Gas & Elec., Inc. v. Big Apple Energy, LLC, 667 F. Supp. 2d 237 (E.D.N.Y. 2009). Ferreira now moves for

reconsideration of the November 2, 2009 order. While this motion was pending, Ferreira took the unusual step of moving to amend his already dismissed counterclaim.

On reconsideration, the Court now finds that although it was appropriate to dismiss Count Five, it was an error not to have afforded Ferreira the opportunity to replead a counterclaim for indemnification. For the reasons discussed below, the Court's November 2, 2009 order is vacated. The Court will permit Ferreira to file his proposed amended counterclaim.

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual background and procedural history of this case. However, as this is a motion for reconsideration, a brief review of the pertinent allegations and the Court's prior decision is in order.

The complaint alleges that both BAE and Ferreira breached fiduciary duties they owed to USGE. Compl. ¶ 111-116. In particular, ¶ 113 provides that:

> Ferreira was a member of the [USGE's] board of directors from September 2004 to July 2007 and frequently acted as an adviser to [USGE]. [USGE] relied on Ferreira for advice and guidance in operating its business. Ferreira personally engaged in, directed or authorized the conduct alleged herein

¶ 113. Count VIII goes on to offer factual allegations explaining that BAE and Ferreira breached their fiduciary duties by:

> Wrongfully marking up pipeline charges and concealing those charges had been marked up

> Manipulating purchase locations to conceal and not pass along costs savings achieved through aggregate transportation
>
> Misappropriating [USGE's] capacity for their own gain
>
> Usurping [USGE's] opportunities to purchase the lowest-priced gas available for their own gain
>
> Misrepresenting the hedging practices of utilities and the usefulness of hedging strategies in order to further their business
>
> Failing to alert [USGE] to and ensure that it employed hedging strategies
>
> Mismanaging delivery, injection and withdrawal of gas
>
> Misreporting [BAE's] net income to avoid payment of 51 percent of all net income to USGE

Compl. ¶ 115. The Court interpreted Count VIII to allege that, as its agent in procuring and delivering natural gas, BAE had certain fiduciary duties that it breached by virtue of the foregoing conduct. U.S. Gas & Elec., Inc., 667 F. Supp. 2d at 240. The Court also interpreted the complaint to allege that Ferreira directed and authorized this conduct in his capacity as the principal of BAE. Id.

The Defendants' answer offered only three conclusory allegations in support of Ferreira's counterclaim for indemnification:

> Pursuant to Section 145 of the Delaware General Corporation Law . . . and any applicable by-laws of USGE, a corporate officer or director against whom a suit is filed is entitled to be indemnified for his attorney's fees and other costs incurred in defending such an action

> USGE's complaint filed in this action is a suit subject to the indemnification obligation of Section 145 of the Delaware General Corporation Law . . . and any applicable by-laws of USGE.
>
> As a result of the forgoing [sic], Mr. Ferreira is entitled to indemnification from USGE.

Ans. ¶ 41-43. On July 16, 2009, USGE moved to dismiss Count Five, contending that Ferreira was not entitled to indemnification under Section 145 because he was not sued "by reason of the fact" that he was formerly a USGE director. The Court agreed.

The Court observed that under Delaware law "a defendant is sued 'by reason of the fact' that he was a corporate official 'if there is a nexus or causal connection between any of the underlying proceedings . . . and one's official capacity . . . '" U.S. Gas & Elec., Inc., 667 F. Supp. 2d at 241 (quoting Homestore, Inc. v. Tafeen, 888 A.2d 204, 215 (Del. 2005)). The Court further noted that "'[t]his connection is established if the corporate powers were used or necessary for the commission of the alleged misconduct.'" Id. (quoting Bernstein v. TractManager, Inc., 953 A.2d 1003, 1011 (Del. Ch. 2007) (internal citations omitted). Subjecting Ferreira's skeletal pleading to these standards, the Court determined that he was not entitled to indemnification because he failed to allege that he "used his authority or corporate power as a USGE director to effectuate the alleged misconduct on the part of BAE." Id.

Ferreira now argues that the Court "apparently overlooked" several matters in reaching this decision: (1) that USGE alleged Ferreira's service on the board is the basis for its fiduciary duty claims; (2) that his board service was contemporaneous to specific allegations against him, including those relating to hedging; (3) that the complaint did not explicitly allege that Ferreira was being sued in his capacity as the principal of BAE; and (4) that the only legal basis under New York law for imposing a fiduciary duty upon Ferreira was his service as a USGE board member. Br. at 12-13.

## II. DISCUSSION

### A. Legal Standard - Reconsideration

A motion for reconsideration in the Eastern and Southern Districts of New York is governed by Local Civil Rule 6.3. In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). However, a motion for reconsideration may be granted to "'correct a clear error or prevent manifest injustice.'" Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Ultimately, the decision of whether to grant a motion for reconsideration rests within the sound discretion of

the district court.  Kapsis v. Bloom, 08-CV-3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009).

**B. Analysis**

Ferreira's indemnification claim was supported only by three bare legal conclusions that the Court was not required to accept on a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Neither Count Five nor Ferreira's papers in opposition to USGE's motion adequately explained how Ferreira could have used entrusted corporate powers as a member of the USGE board to effectuate the conduct giving rise to the breach of fiduciary duty claim.  On the other hand, aided in part by USGE's motion papers, the Court interpreted USGE's complaint to allege that: (1) Ferreira's fiduciary duties arose from his longstanding business relationship with USGE; and (2) Ferreira breached these duties through conduct undertaken in his capacity as the principal of BAE.  U.S. Gas & Elec., Inc., 667 F. Supp. 2d at 241-42.

Ferreira's motion for reconsideration is, in large measure, an attempt to offer arguments he did not initially discuss in opposing USGE's motion to dismiss. However, a motion for reconsideration is not designed to give a party the opportunity to "advance new facts, issues, or arguments not previously presented to the Court." National Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001).  The Court also notes that it did not "overlook" the factual matters that Ferreira now highlights; it simply drew a different conclusion from them.

7

Nevertheless, the Court agrees with Ferreira that it should have afforded him an opportunity to replead his indemnification claim. In particular, the Court should have granted Ferreira leave to amend in order to add factual allegations sufficient to make a plausible showing that he was sued "by reason of" acts he took in his capacity as a USGE director. Accordingly, upon reconsideration, the Court finds that its November 2, 2009 order should be vacated.

Ordinarily, the Court would give Ferreira 20 days to file an amended counterclaim. However, in this case, Ferreira moved to amend his already dismissed counterclaim while his motion for reconsideration was pending. USGE is correct in arguing that it was improper for Ferreira to have done so. However, given that the Court has now determined that Ferreira must be given an opportunity to replead an indemnification claim, practical considerations dictate that the Court should address USGE's objections to the proposed amended counterclaim.

Federal Rule of Civil Procedure 15 ("Rule 15") states that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15, "[l]eave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." DeFazio v. Wallis, 05-CV-5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (citing Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d Cir. 2005),

and <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995)). An amendment is futile if the proposed claim would not survive a motion to dismiss. <u>Lucente v. IBM Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002).

USGE contends that allowing Ferreira to file the proposed amended counterclaim would be futile because, even with the new allegations, he fails to state a claim for indemnification under Section 145. USGE also contends that the proposed amendment has been unduly delayed and offered in bad faith. The Court disagrees.

Unlike the initial version, Ferreira's proposed amended counterclaim provides *factual* allegations that, if true, could plausibly support his claim for indemnification. The proposed amended counterclaim essentially alleges that: (1) Ferreira served on USGE's board from September 2004 to July 2007; (2) Ferreira provided advice and guidance to USGE during his tenure as a USGE board member; and (3) this advice and guidance was rendered in his capacity as a USGE board member. These allegations provide the necessary link between Ferreira's alleged wrongdoing and his role as a USGE board member. In other words, although USGE's position that Ferreira was sued only in his capacity as the principal of BAE is tenable, based upon these new allegations, it is also at least plausible that he was sued "by reason of the fact" that he was a USGE board member. This is all that is required at the pleading stage.

There is also no indication that USGE will be unduly prejudiced if Ferreira is permitted to replead his counterclaim. The parties are in the early stages of discovery and USGE has known since June of 2009 that Ferreira would seek indemnification. Nor does the Court detect any bad faith on the part of Ferreira in deciding to replead his counterclaim. Accordingly, the Court grants Ferreira leave to file his proposed amended counterclaim.

### III. CONCLUSION

The Court's November 2, 2009 order dismissing Count Five is vacated. The Court grants Ferreira leave to file his proposed amended counterclaim.

**SO ORDERED.**

Dated: Central Islip, New York
April 10, 2010

                                                        */s/ Arthur D. Spatt*
                                                      ARTHUR D. SPATT
                                               United States District Judge